IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


DEUNDRA NEAL                                                                                    PLAINTIFF

      v.                         Civil No. 4:14-cv-04091

WARDEN CAMPBELL, Arkansas Community
Correction; MS. WALKER, Records
Supervisor; MS. ORR; MS. NASH                                                         DEFENDANTS


**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

      This is a civil rights case filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis.* Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2014), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

      The case is before me on a motion to dismiss (ECF No. 9) filed by the Defendants. Plaintiff has not responded to the motion.

      **(1). Background**

      According to the Arkansas Department of Correction (ADC) website, the Plaintiff is currently incarcerated in Jefferson County on the waiting list for transfer to the ADC. According to the allegations of the complaint, Plaintiff is incarcerated due to a parole revocation.

      Plaintiff alleges that his parole violation papers indicated he was scheduled to go before the parole board on June 11, 2014. Plaintiff indicates his counseler had his discharge papers prepared for his June 11th appearance before the parole board. Additionally, Plaintiff states his parole violation papers, his parole officer, and his counselor all said he would go before the parole board

-1-

in June.

On June 2nd, Plaintiff was charged with a "cardinal" rule violation. On June 5th, when he went to submit his parole plan, Plaintiff states Ms. Nash told him that there was no way he could have known when he was going before the parole board. Nash gave the Plaintiff a date of July 16th. Nash also informed him that he had pending charges. Even if the pending disciplinary charges were dropped, Nash informed Plaintiff that he would be paroling to a detainer.

On June 10th, a hearing was held on Plaintiff's disciplinary charge. He was found guilty and given 30 days loss of privileges, loss of forty days of good time, and a reduction to class 3. The sanctions were suspended for a period of sixty days. Plaintiff alleges that sometime between June 2nd and June 5th, before he even had his displianry hearing, either the records supervisor or staff made a computer entry indicating that he was a class 3.

According to the Plaintiff, his Father called Warden Campbell who apologized for the mix up. The Warden indicted that Plaintiff was a class 2 on the date he should have went before the parole board. Had the Warden known that the records department entered Plaintiff as a class 3, the Warden said he would have stopped it from happening.

On June 18th, Plaintiff submitted a greivance about the situaiton. He indicates he was called into Ms. Orr's office and told it was not a grievable issue. Orr also told him that even though his paperwork said he would go before the parole board in June that the earliest he could appear before the Board was July 16th. Plaintiff asserts that he should not have had to wait to go before the Board because of the records staff was not following procedures.

Plaintiff maintains that his due process rights were violated by the Defendants' failure to follow procedures. He asks that the incident be investigated.

**(2). Applicable Standard**

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc*., 588 F.3d 585, 594 (8th Cir. 2009)(*quoting Ashcroft v. Iqbal*,556 U.S. 662, 678 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" *Braden*, 588 F.3d at 594 (*quoting Iqbal*, 556 U.S. at 678). The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," or reasonable inference, that the "defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)(While pro se complaints are liberally construed, they must allege sufficient facts to support the claims.).

**(3). Discussion**

Defendants maintain that the complaint should be dismissed because: (1) the Plaintiff has no constitutional right to parole or any specific classification; and (2) a failure to follow prison policy does not state a constitutional claim. I agree.

"The Due Process Clause of the Fourteenth Amendment guarantees that no state shall . . . deprive any person of life, liberty, or property, without due process of law." *Forrester v. Bass*, 397 F.3d 1047, 1054 (8th Cir. 2005)(*citing* U.S. Const. amend. XIV § 2). To state a procedural due process claim, a plaintiff must have a been deprived of a protected liberty or property interest. *Senty-Haugen v. Goodno*, 462 F.3d 876, 886 (8th Cir. 2006).

"Propertyinterests protected by due process are not created by the Constitution but, rather, are created and their dimensions defined, by existing rules or understandings that stem from an independent source such as state law." *Forrester*, 397 F.3d at 1054. Protected liberty interests "may arise from two sources–the Due Process Clause itself and the laws of the States." *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). "Only if we find a protected interest do we examine whether the deprivation of the protected interest was done in accordance with due process." *Forrester*, 397 F.3d at 1054.

It has generally been held that the Arkansas state statutes governing parole do not create a liberty interest in parole because they provide the Parole Board may grant parole and substantive limitations on the Board's discretion are minimal. *Parker v. Corrothers*, 750 F.2d 653, 655-57 (8th Cir. 1984); *see also Adams v. Agniel*, 405 F.3d 643, 645 (8th Cir. 2005)(inmate has no constitutionally protected liberty interest in possibility of parole). Similarly, it has been held that a prisoner has no liberty interest in a particular classification. *Madewell v. Roberts*, 909 F.2d 11203, 1207 (8th Cir. 1990)(finding no liberty interest in a particular prison classification status). Finally, violation of a prison policy does not state a claim of constitutional dimension. *Meis v. Gunter*, 906 F.2d 364, 369 (8th Cir. 1990).

**(4). Conclusion**

For the reasons stated, I reommend that Defendants' motion to dismiss (ECF No. 9) be granted and this case dismissed as all claims asserted are frivolous or fail to state claims upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)- (iii) (*in forma pauperis* action may be dismissed on such grounds at any time). The dismissal of this case will constitute a strike under 28 U.S.C. § 1915(g). The Clerk should be directed to place a strike flag on the case.

**The parties have fourteen (14) days from receipt of the report and recommendation in**

**which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 22nd day of May 2015.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE